UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01318-JLS-ADS                           Date: May 05, 2022
Title: Yvonne Roa v. FCA US LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|   D. Rojas   | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                      Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING MOTION TO REMAND (Doc. 24)**

    Before the Court is a Motion to Remand filed by Plaintiff Yvonne Roa.  (Mot., Doc. 24.)  Defendant FCA US, LLC opposed, and Plaintiff did not reply.  (Opp., Doc. 33.)  The Court took the matter under submission.  For the following reasons, the Court now DENIES Plaintiff's Motion.

**I.      BACKGROUND**

    In the Superior Court of California (County of Orange), Plaintiff filed a Complaint against FCA US, LLC and Tuttle-Click's Tustin Chrysler Jeep Dodge ("Tuttle-Click"). (Declaration of Hailey M. Rogerson ("Rogerson Decl.") ¶ 4, Doc. 1-2; Ex. A (Complaint), Doc. 1-3.)  Plaintiff is a resident of California.  (Ex. A (Complaint) at ¶ 2, Doc. 1-3.)  Defendant FCA US, LLC "is a corporation organized and in existence under the laws of the State of Delaware" with its "principal place of business . . . in the State of Michigan."  (*Id.* ¶ 4.)  Tuttle-Click was dismissed by Plaintiffs on July 8, 2021. (Rogerson Decl. ¶ 8, Doc. 1-2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01318-JLS-ADS                                    Date: May 05, 2022
Title:  Yvonne Roa v. FCA US LLC et al

In the Complaint, Plaintiff alleges that "[o]n or about September 5, 2016, [she] purchased a 2016 Jeep Wrangler . . . , which was manufactured and or distributed by Defendant FCA."  (Ex. A (Complaint) at ¶ 7, Doc. 1-3.)  Plaintiff alleges that "[d]uring the warranty period, the Vehicle contained or developed defects, including but not limited to, defects related to the electrical system; defects related to the totally integrated power module ('TIPM')," and "defects causing a failure to start."  (*Id.* ¶ 9.)  Plaintiff further alleges that "[s]aid defects substantially impair the use, value, or safety of the Vehicle." (*Id.*)  Accordingly, Plaintiff brought suit alleging California Song-Beverly Consumer Warranty Act claims and a fraudulent concealment claim against FCA.  (*See* ¶¶ 116-133, 139-157.)

Plaintiff asserts that, as a result of the alleged violations, she "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00."  (*Id.* ¶ 10.) Plaintiff also seeks, among other things, "a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794."  (*Id.* Prayer for Relief.) Defendant alleges that "[i]f Plaintiff were to prevail on her Song-Beverly claims, she could be awarded damages well in excess of $75,000.00."  (Rogerson Decl. ¶ 13, Doc. 1-2.)  Defendant notes that Plaintiff's actual damages are "*at least* **$61,831.68**, which is a conservative estimate, and *before* the consideration of double civil penalties, attorney's fees, incidental, consequential, and punitive damages, all of which Plaintiff also seeks in this litigation." (Opp. at 1, Doc. 33.)  As support for its actual damages calculation, Defendant cites to Plaintiff's Supplemental Responses to Defendant FCA US LLC's First Set of Interrogatories wherein Plaintiff estimated her actual damages as "$69,010.68." (Ex. 1 (to the Declaration of Ali Azemoon) at PDF Page 5, Doc. 33-2.)  Specifically, in her responses, Plaintiff notes that she seeks "[a]pproximately $61,831.68" in restitution ("the sale price of the vehicle ($22,900.02 paid on lease plus $38,931.66 paid to purchase through financing)") and $7,179 in "[i]nsurance premiums."  (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01318-JLS-ADS                                                            Date: May 05, 2022
Title:  Yvonne Roa v. FCA US LLC et al

## II.  LEGAL STANDARD

The "[f]ederal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal quotation marks omitted).  For a defendant seeking to remove pursuant to 28 U.S.C. § 1441, which permits removal based on diversity and federal-question jurisdiction, there exists a "'strong presumption against removal.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Id.* (internal quotation marks omitted).

## III.  DISCUSSION

Plaintiff argues that this Court should remand this action because "Defendant has fallen far short of carrying its heavy burden of proof of showing that removal was proper because Defendant's Notice of Removal fails to establish the amount in controversy exceeds $75.000." (Mem. at 4, Doc. 24-1.)  A federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332.  Plaintiff does not contest that the parties are diverse; rather, she challenges whether Defendant has established that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); *see also Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005) ("[T]he amount at stake

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-01318-JLS-ADS                                    Date: May 05, 2022
Title: Yvonne Roa v. FCA US LLC et al

in the underlying litigation . . . is the amount in controversy for purposes of diversity jurisdiction"). "If it is unclear what amount of damages the plaintiff has sought … then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (emphasis omitted). The "proper burden of proof" in cases where the "complaint is unclear and does not specify 'a total amount in controversy,'" as is the case here, "is proof by a preponderance of the evidence." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

       Here, Defendant has met its burden in establishing that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Defendant notes that Plaintiff estimates her actual damages in this case as "[a]pproximately $69,010.68," as noted in her Supplemental Responses to Defendant FCA US LLC's First Set of Interrogatories." (Ex. 1 (to the Declaration of Ali Azemoon) at PDF Page 5, Doc. 33-2.) Specifically, Defendant notes that Plaintiff seeks $61,831.68 in restitution, which Plaintiff states encompasses the "$22,900.02 paid on lease plus $38,931.66 paid to purchase through financing." (*Id.*) Plaintiff also seeks $7,179 in "[i]nsurance premiums" bringing her estimate of actual damages to $69,010.68. (*Id.*) Defendant has also demonstrated that it considered mileage offsets in calculating Plaintiff's damages under the Act. *See* Cal. Civ. Code § 1793.2(d)(1); *see also* Cal. Civ. Code § 1793.2(d)(2). Defendant notes that "the mileage offset, when calculated most favorably to Plaintiff, is $164.99[1] (resulting in a

---

[1] Defendant notes that "Plaintiff first brought in the vehicle for repair on September 19, 2016, at 547 miles when the Vehicle failed to start," which Plaintiff "identified as a nonconforming defect in Plaintiff's Complaint." (Notice of Removal ¶ 33, Doc. 1.) Defendant contends that "[u]sing the Song Beverly offset calculation, 532 miles, divided by 120,000 miles, and then multiplied by the purchase price of the Subject Vehicle ($37,216.36), obtains the offset figure of $164.99." (*Id.* ¶ 34.) Defendant also notes an offset figure of $15,356.40 "based on a presentation which occurred on or about December 12, 2019, at 49,531 miles" as alleged in the Complaint. (Opp. at 13, Doc. 33; Complaint.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01318-JLS-ADS                                                              Date: May 05, 2022
Title:  Yvonne Roa v. FCA US LLC et al

total damages calculation of $61,666.69 before all other damages requests are taken into account) and "[w]hen calculated in a most favorable way to FCA," as "$15,356.40." (Opp. at 13, Doc. 33.)  Defendant contends that with either mileage offset, the amount in controversy more likely than not exceeds $75,000 as Plaintiff also seeks a "civil penalty in the amount of two times Plaintiff's actual damages."  (Ex. A (Complaint) at p. 25, Doc. 1-3; Opp. at 13-14, Doc. 33); Cal. Civ. Code § 1794(c) (providing that "a civil penalty . . . shall not exceed two times the amount of actual damages").

      Plaintiff offers several arguments as to why Defendant's amount-in-controversy calculations are speculative; none are persuasive here.  Plaintiff notes that "it is insufficient" for Defendant "to merely point to Plaintiff's purchase agreement . . . to establish the amount of actual damages in controversy," as "Defendant must also provide essential facts about the purchase price and use of the Subject Vehicle." (Mem. at 8, Doc. 24-1.)  However, Defendant has not merely relied upon Plaintiff's purchase agreement, as Defendant has pointed to Plaintiff's own estimate of her actual damages, such as her statement that she seeks to recover the "$22,900.02" paid on the lease plus $38,931.66 paid to purchase through financing." (Ex. 1 (to the Declaration of Ali Azemoon) at PDF Page 5, Doc. 33-2.)  Plaintiff also contends that Defendant's mileage offset calculations are speculative because the mileage offset is determined by "identify[ing] the first repair attempt for the substantially impairing" defect and that "FCA *never* identifies the *substantially impairing defect*, and fails to acknowledge that Plaintiff's operative Complaint alleges a *multitude* of various defects, with the 'failing to start' issue as only *one* of the alleged defects." (Mem. at 9, Doc. 24-1.)  However, even assuming Plaintiff's assuming legal contentions are correct, Defendant has provided in its Opposition two calculations of the mileage offset (one Defendant contends, and Plaintiff has not disputed, is most favorable to Plaintiff and the other most favorable to Defendant).  (*See*, *e.g.*, Opp. at 13, Doc. 33; Ex. A (Complaint) at ¶¶ 107-108, Doc. 1-3.) Moreover, Defendant has sufficiently demonstrated that neither amount reduces the amount-in-controversy below $75,000.  (*See* Opp. at 13-14, Doc. 33.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01318-JLS-ADS                                                        Date: May 05, 2022
Title:  Yvonne Roa v. FCA US LLC et al

In sum, Defendant has met its burden in showing that the amount-in-controversy exceeds $75,000 by a preponderance of the evidence.

IV.    **CONCLUSION**

For the above reasons, Plaintiff's Motion is DENIED.

Initials of Deputy Clerk: droj